217    20
f220    ¹603

217   20
41SC²609

## Mahoney, Appellant, *v.* Park Steel Company.

*Practice, C. P.—Amendment—Statement of claim—Trespass—Statute of limitations.*

An amendment to a statement of claim will not be allowed if a new cause of action is thereby introduced which is barred by the statute of limitations.

In an action of trespass by a minor against his employer to recover damages for personal injuries, where the only matter complained of is a defect in a particular machine, the court will not permit the plaintiff after he has arrived at age, and more than three years after the accident

happened, to amend his statement by charging a defect in another and different machine, failure to instruct as to the dangers incident to his employment, and failure to inspect.

*Practice, C. P.—Trespass—Minor—Intervention.*

Where an action of trespass has been brought by a minor through his father as next friend, and pending the action, the minor comes of age, there is no necessity for petition and an order of court allowing him to intervene but the record on motion may be amended so that the plaintiff may appear in his own right, instead of through his father as next friend.

Argued Nov. 1, 1906.     Appeal, No. 184, Oct. T., 1906, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1900, No. 127, refusing motion to amend statement in case of Garrett Mahoney for himself and as father and next friend of William Mahoney, a minor, v. The Park Steel Company. Before Mitchell, C. J., Fell, Mestrezat, Elkin and Stewart, JJ.     Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were as follows :

1. The court below erred in its conclusion, as follows :

It is proposed now to amend the narr., and the amendments are herewith submitted.     After an examination of the same we are of opinion that several new and distinct allegations of negligence are set up.

2. The court below erred in not allowing the amended statement to be filed.

3. The court below erred in not allowing William Mahoney to intervene as plaintiff.

*L. C. Barton,* for appellant.—Under all the authorities the cause of action is the particular matter for which the suit is brought, and when the object of an amendment is not to forsake this, but to adhere to it, and effect a recovery upon it, it is the duty of the court when the merits of the case cannot be otherwise reached to permit the amendment: Erie City Iron Works v. Barber, 118 Pa. 6 ; Stover v. Erisman, 206 Pa. 600 ; Taylor v. Canton Twp., 30 Pa. Superior Ct. 305 ; Jack-

son v. Gunton, 26 Pa. Superior Ct. 203 ; Thompson v. Chambers, 13 Pa. Superior Ct. 213; Adam v. Moll, 6 Pa. Superior Ct. 380; Fricke v. Quinn, 188 Pa. 474; Clark v. National Gas Co., 184 Pa. 188.

The test is, is the damage claimed the same, not, is the evidence of the damage claimed the same: Cunningham v. Day, 2 S. & R. 1; McAdam v. Orr, 4 W. & S. 550; Coke v. Tilghman, 1 Wh. 282; Wilhelm's App., 79 Pa. 120; Ins. Co. Clinger, 10 Pa. Superior Ct. 92.

In trespass the plaintiff may add a new count substantially different, so that the original cause of action be adhered to: Becker v. Watts, 9 Lanc. Bar. 105; Knapp v. Hartung, 73 Pa. 290.

*John S. Wendt*, with him *Johns McCleave*, for appellee.— An amendment to a declaration will not be allowed if a new cause of action is thereby introduced which is barred by the statute of limitations: Wright v. Hart, 44 Pa. 454; Smith v. Smith, 45 Pa. 403; Frauenthal v. Derr, 3 Kulp, 379; Sener v. McCormick, 15 Pa. Superior Ct. 588; Trego v. Lewis, 58 Pa. 463; Fairchild v. Dunbar Furnace Co., 128 Pa. 485; Grier v. Northern Assurance Co., 183 Pa. 334; Philadelphia v. Hestonville, etc., R. R. Co., 203 Pa. 38; Barclay v. Barclay, 2 W. N. C. 478; Tyrill v. Lamb, 96 Pa. 464.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907:

This case is somewhat belated in coming here. The suit was instituted April 27, 1900, by the father in his own behalf and as the next friend of his minor son, who was injured while in the employ of the defendant company. The accident from which the injuries resulted for which damages are claimed, occurred January 24, 1900. The original statement of claim was filed October 23, 1901, and the case came on for trial April 29, 1903, at which time a judgment of compulsory nonsuit was entered against the father and the case was continued as to the son, for the purpose of permitting his counsel to move to amend the statement of claim. The bar of the statute of limitations could be interposed against any new cause of action after January 24, 1902. The minor son, appellant here, became of age April 27, 1903, and on May 2, following, through

his counsel moved the court for leave to intervene as a party plaintiff and to file an amended statement. This motion was refused on the ground that the amended statement set up new and distinct allegations of negligence after the statute of limitations had run. The case was still at issue as to appellant, however, on the original statement when it came on for trial the second time, October 17, 1905. A jury was called and sworn but no testimony was taken, whereupon the learned trial judge directed a judgment of compulsory nonsuit to be entered.

The first two assignments of error relate to the refusal of the court below to allow the amended statement of claim to be filed. It is conceded, as it must be under our authorities, that if the amendment set up new causes of action, it was properly refused. An amendment to a declaration will not be allowed if a new cause of action is thereby introduced which is barred by the statute of limitations: Wright v. Hart's Adm'r., 44 Pa. 454; Smith v. Smith, 45 Pa. 403. A party cannot be permitted to shift his ground or enlarge its surface by introducing an entirely new and different cause of action when by reason of the statute of limitations it would work an injury to an opposite party: Trego v. Lewis, 58 Pa. 463. To the same effect is Fairchild v. Dunbar Furnace Co., 128 Pa. 485; Grier v. Northern Assurance Co., 183 Pa. 334.

The real question to be decided on this branch of the case is whether the proposed amendment introduced new causes of action. In the original statement the negligence charged was, that the defendant company had failed to maintain the rest or guide attached to the rolls at which appellant was working in a reasonably safe and secure condition, but had allowed it to become loose so that when he stepped upon the guide, as was his duty, it turned or slipped by reason of which he was thrown upon the rolls which caught and crushed his leg and foot. The statement set out in detail the duties of the appellant in the performance of his work; the manner in which the accident occurred and the defective machinery which caused it, charging in specific terms that the negligence relied on was the defective step or guide to the rolls. The proposed amended statement, not allowed by the court below, added four additional and distinct charges of negligence, to wit: (1) that the spanner, or handle, attached to the screw at the housen was

in a defective condition; (2) that the defendant company through its employees, had proceeded to change the rolls while they were revolving, which was so dangerous as to make the attempt negligence; (3) that appellant had not been sufficiently instructed as to the dangers and risks incident to his employment; (4) that the defendant had neglected to properly inspect the rolls and machinery before appellant was put to work in operating the screw. It is quite apparent that the plaintiff was attempting to shift his ground by introducing new causes of action, which cannot be done. He was not willing to go to trial upon the negligence charged in the original statement; nor did he confine himself to a substantial restatement of the original cause of action as in Stoner v. Erisman, 206 Pa. 600; nor did the amended statement specify and define what the original claim left general and indefinite as in Fricke v. Quinn, 188 Pa. 474. An amendment may define or specify in different form the original cause of action or one substantially and generally the same, but cannot shift or enlarge the ground by adding causes of action, substantially different from that originally specified. The only notice to the defendant company contained in the original statement was the defect in the rest or guide plate on the rolls. In the proposed amended statement defendant is charged with a defect in another and different machine, failure to instruct as to the dangers incident to his employment and failure to inspect. These were not charged in the original statement of claim and certainly new causes of action are set up on which the appellant now relies to recover. The amendment comes too late.

The third assignment of error relates to the refusal of the court to permit the plaintiff to intervene. We do not see that there was any necessity for a petition and formal order of court allowing him to intervene. Under the Act of May 12, 1897, P. L. 62, the right of action for such a wrongful injury accrues to the child and also to the parent. It is therein provided that the " action shall be redressed in only one suit brought in the names of the parent and child." This action was properly instituted as provided by the Act of Assembly. Upon the arrival of the minor at full age, the action did not abate, but he had the right to move the court to amend the record, so that he could appear in his own right as a party plaintiff instead of

through his father as next friend, if he so desired.　This could be done on motion and the court should allow it when asked. It must not be overlooked, however, that in this case, appellant was a party to the record from the date of the institution of the suit and was a party at the time judgment of nonsuit was entered against him and since the entry of this judgment has not been assigned for error, it stands against him and is the end of his case.　At the time of the trial he could have proceeded on the original statement, but having failed to do so and the judgment of nonsuit having been entered and not assigned for error, he is precluded thereby.

Judgment affirmed.