## Haines v. Fitzgerald, Appellant.

Argued November 16, 1932.

Before Trex-
ler, P. J., Keller, Gawthrop, Cunningham, Baldrige,
Stadtfeld and Parker, JJ.

*Ward McCullough* and with him *William M. Heil-*

*man,* for appellant, cited: Chandler v. Glover's Administrator, 32 Pa. 509; Logan v. Gardner, 136 Pa. 588.

*E. O. Golden,* and with him *Benjamin L. Steinberg,* and *Max U. Applebaum,* for appellee, cited: Mahoney v. Parks Steel Company, 217 Pa. 20; S. A. Johnson v. A. H. Blair, 126 Pa. 426; Hollinger v. York Railways Company, 225 Pa. 419.

OPINION BY KELLER, J., March 3, 1933:

Wallace Merle Haines, a boy twenty years old, while walking on the proper side of the road—(the left side, facing traffic: Skodis v. Phila. R. T. Co., 103 Pa. Superior Ct. 533, 537, 158 Atl. 587.)—was run into from behind by defendant's automobile, driven by his agent on the defendant's business, which swerved suddenly to the wrong side. He was severely hurt; was in the hospital with a badly broken left leg for thirty-nine days; walked on crutches for a year; since the accident his left leg is shorter than the right one and he cannot turn his foot inwards. The negligence of the defendant's agent was not disputed on the trial.

This appeal by the defendant is concerned with matters wholly unrelated to the defendant's negligence.

The accident occurred on August 1, 1930. The boy became of age on June 13, 1931. Overlooking this fact, an action in trespass was brought on September 10, 1931, by "Wallace Merle Haines, minor, by his parents and next friends, James L. Bruner and Mardie Bruner, and James L. Bruner and Mardie Bruner, his wife, in their own right," against Wiley Fitzgerald, to recover the damages sustained by them respectively. Mardie Bruner was the boy's mother; James L. Bruner, his step-father. Both causes of action had to be joined in one suit under the Act of May

12, 1897, P. L. 63; Mahoney v. Park Steel Co., 217 Pa. 20, 66 Atl. 90.

When the case was called for trial on January 1, 1932, plaintiffs' counsel moved "to amend the record, so that the words 'Wallace Merle Haines, minor' be amended so as to read 'Wallace Merle Haines' in his own right, he having reached the age of 21 years". Defendant's counsel said, "I reserve my rights. My opinion is, that this suit was filed after this boy was of age. I object to the amendment, as not being the formal amendment to the cause of action." The court allowed the amendment. It developed, after a few questions, that the boy was twenty-one years old when the action was brought. Appellant contends this caused a variance between the allegata and probata and that the suit could not proceed because brought by the boy's next friends. He did not ask for a continuance on the ground of surprise. He could scarcely have alleged surprise for it developed that he had known the boy's age for over a year. He took the position that bringing the suit, as it was done, was an error of substance which did him serious harm, and that the error could not be cured by amending the record so as to omit the next friends. He is wrong.

When a suit is brought in the name of a minor by a next friend, "it is the infant, not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian *ad litem,* by whom a suit is brought or defended in behalf of another": Morgan v. Potter, 157 U. S. 195, 198. See also 14 R. C. L. 281, sec. 51. This was recognized by our Supreme Court in Mahoney v. Park Steel Co., 217 Pa. 20, 66 Atl. 90, where an action in trespass was brought by a minor by his father and next friend and by the father for himself. When the case came on for trial a judgment of compulsory nonsuit was entered against

the father and the case was continued as to the minor in order to permit his counsel to move to amend the statement of claim. This was not done until more than three years after the accident. The boy, having then become of age, through his counsel moved the court for leave to intervene as a party plaintiff and to file an amended statement. The motion was refused on the ground that the amended statement set up new and distinct allegations of negligence after the statute of limitations had run. The case was still at issue as to the son on the original statement. At the trial no testimony was offered and a judgment of compulsory nonsuit was entered by direction of the judge. The Supreme Court held the amendment as to cause of action was properly refused. As to the refusal of the court to permit him to intervene as plaintiff, it said, speaking through Mr. Justice ELKIN: "We do not see that there was any necessity for a petition and formal order of court allowing him to intervene......Upon the arrival of the minor at full age, the action did not abate, but he had the right to move the court to amend the record, so that he could appear in his own right as a party plaintiff, instead of through his father and next friend, if he so desired......It must not be overlooked, however, that in this case, *appellant was a party to the record from the date of the institution of the suit* and was a party at the time judgment of nonsuit was entered against him, and since the entry of this judgment has not been assigned for error, it stands against him and is the end of his case." By our practice a minor is permitted to sue by a next friend,—without any appointment of such next friend by the court, as was the custom at common law—"in order to supply the want of capacity in the infant to afford in his own person a party responsible on the record for the costs": Heft & Hix v. McGill, 3 Pa. 256; Turner v. Patridge, 3 P. & W. 172, 173.

It follows, then, that if this suit had been brought when Wallace Merle Haines was a minor, he would have been the real party plaintiff. His next friends—apart from their demand in their own right—would not, except to supply a party responsible on the record for costs. When by an oversight of counsel the action was brought after he became of age in the form, "Wallace Merle Haines, by his parents and next friends," etc., he was, nevertheless, at all times the party plaintiff and the addition of the 'next friends' was only surplusage, except possibly as to the additional liability for costs. The court committed no error and the defendant was done no harm by the amendment. It was wholly a matter of procedure: 14 R. C. L. 280, sec. 50. The statement as filed complied with the Practice Act of 1915, P. L. 483. It was sworn to by Mardie Bruner, a plaintiff in her own right and was signed by the attorney. The objection on that score came too late in any event, at the trial: Act of May 23, 1923, P. L. 325.

The defense was based on a release, a copy of which is printed in the margin.

"Received of W. V. Fitzgerald, this eighth day of September, 1930, the sum of————————————Dollars, in full satisfaction and discharge of all claims accrued or to accrue in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the first day of August, 1930, when struck by an automobile of Mr. Fitzgerald. Witnesses:

F. B. RICH.                               WALLACE HAINES (SEAL)

"This is to certify that I, Mrs. J. L. Bruner and Mr. J. L. Bruner, parents and guardian of the above named Wallace Haines, a minor of twenty years of age, in consideration of the above payment, which is made to said minor at my request, do hereby acknowledge satisfaction in full of all claims arising out of said injuries, and do release and forever discharge said W. V. Fitzgerald and his agents and employes, from any liability by reason thereof.

"As further consideration for payment of said sum I hereby agree to protect the said W. V. Fitzgerald against any claim for damages, compensation or otherwise on the part of my son, Wallace Haines, or any other party growing out of or resulting from injury to my son, Wallace Haines, in connection with the abovementioned

At the time it was signed the boy was a minor. It was signed in the hospital under circumstances referred to at more length later. The consideration was left blank. A check for $375 made payable to the "Order of Mardie Bruner and James L. Bruner, parents and guardian of Wallace Haines," was given the parents, which was cashed and the proceeds received by the mother. The boy and his parents all testified that he got none of it. There was no evidence in contradiction. Neither Mardie Bruner nor James L. Bruner had been appointed guardian for the boy.

The court charged the jury that if they believed from the evidence that the boy did not receive any of the proceeds of the check or obtain any of its benefits, the release would not bind him because he was a minor when he signed it; that as to the parents, as they kept the money, they were bound and could recover no damages in this case. The charge, as respects the minor, was warranted by the opinion of the Supreme Court in Hollinger v. York Railways Co., 225 Pa. 419, 426, 74 Atl. 344; where, speaking through Mr. Justice MESTREZAT, it said: "Nora M. Hollinger was a minor at the time she signed the alleged release, and the learned trial judge properly rejected it when offered in evidence. Whether or not she signed it was wholly immaterial, as it was not binding upon her." The counsel for appellant argued in his brief that the minor must disaffirm the contract during his minority. It is not so. He may disaffirm after he arrives at his majority. 31 C. J. 1067, 1068; 14 R. C. L. 235, sec. 18. If he 'affirms' during minority, he may yet disaffirm when he comes of age. He brought suit within

accident and to reimburse or make good to said W. V. Fitzgerald any loss or damages or cost the said W. V. Fitzgerald may have to pay if any litigation arises from said injuries.

"Witness my hand and seal this Eighth day of September, 1930. Witnesses:

F. B. RICH.                           MRS. J. L. BRUNER, (SEAL)
                                      MR. J. L. BRUNER."

three months after he became twenty-one years of age. Bringing suit was a disaffirmance; and three months was a reasonable time. There was no evidence showing or tending to show a ratification or affirmance of the release by him after he became of age, as in Campbell v. Sears, Roebuck & Co., 307 Pa. 365, 161 Atl. 310. The release was not binding on him, in the sense that it was voidable by him after reaching his majority, and when disaffirmed by him it was of no legal effect whatever as to him. The defendant has no just ground for complaint on this score.

The plaintiff also claimed that his signature to the release was procured by Rich, the representative of the insurance company who obtained it, by fraud and misrepresentation. The boy had been in the hospital thirty-eight days and wanted to go home. Rich came to his room, he said, as if he were an officer of the hospital and told him that in order to be discharged he would have to sign a paper, which was not read to him, nor explained to him and which he did not read, but relied on the representation as to its purport, not knowing that Rich was not acting for the hospital; he was told that he should sign it, as his mother and father had signed it. His leg was in a cast, he had a headache and his eyes were weak. Rich admitted that he had not talked settlement with the boy, although he was twenty years old and working for wages, but had made all the arrangements with the boy's mother and stepfather. He admitted that he paid the boy no money and did not give him the check, although he said he handed it to his mother in his presence,—which they denied. The release had been prepared in Pittsburgh and brought there ready for signing, after a prior meeting with the mother and stepfather at which the boy was not present, but at which, Rich said, the terms were agreed on. But they were not set out in the release. The consideration for the release was not filled in when it was signed, but was left as '————

dollars'. Haines was taken out of the hospital to his home the next day. The parents also testified to misrepresentation, made to them by Rich as to the need and purpose of the paper. Rich used an office in the hospital and seemed to be acting as one of its officers. Much of the foregoing was denied by Rich, but the question was one of fact for the jury and was fairly submitted to them by the trial judge, with instructions as to the burden of proof in accord with the decisions of the Supreme Court: Hogarth v. Grundy, 256 Pa. 451, 100 Atl. 1001; Ralston v. Phila. R. T. Co., 267 Pa. 257, 110 Atl. 329; Leonard v. Coleman, 273 Pa. 62, 116 Atl. 550; Campbell v. Sears, Roebuck & Co., supra.

Of course, the evidence relative to fraud in procuring the release did not become of importance in the case unless the jury found that Haines had received part of the consideration for the release or had participated in its benefits; or had ratified or affirmed it after he became of age; and the uncontradicted testimony was to the contrary. The court below was satisfied that the verdict was in accord with the weight of the evidence, and our reading of the testimony leads us to the same conclusion.

The other matters specified as error do not merit extended consideration.

The assignments of error are overruled and the judgment is affirmed.