Fred **SCHETTER**, Administrator of the Estates of Nancy Schetter and Frederick Schetter, Deceased, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

**Civ. A. No. 338.**

United States District Court
W. D. Pennsylvania.

Jan. 5, 1956.

See, also, D.C., 132 F.Supp. 149.

**932**

Gerald A. McNelis, Erie, Pa., for plaintiff.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This case in its present posture is an action against the United States for the deaths of plaintiff's decedents caused by a gas explosion occurring at decedents' home. The home was occupied pursuant to a lease wherein the Housing Authority of the City of Erie is named as landlord and the named tenants are the decedents' parents, i. e. plaintiff in his individual capacity and plaintiff's wife. Jurisdiction is based upon 28 U.S.C. § 1346(b).

The case is before the court upon defendant's motion for summary judgment. The ground alleged in support of the motion is that defendant is entitled to judgment because of a release clause in the lease signed by decedents' parents. Under the lease provision:

"(A) The Tenant Agrees:

\*    \*    \*    \*    \*

"12. To release the Landlord, its representatives, agents, servants, and employees (including the management) from liability for any injury to the Tenant or the members of his household, resulting from any cause whatsoever, excepting only any such injury or damage resulting from the willful acts of such representatives, agents, and employees (including the management)."

Plaintiff contends (1) that the defense of a release is not properly before the court, (2) that the release does not inure to the benefit of the United States, (3) that the release clause was not effective at the time of the explosion, (4)

that the release clause is contrary to the public policy of the United States, and (5) that the release was not binding on the lessees' children.

1. Plaintiff in his brief asserts that the alleged defense is not properly before this court on defendants' motion because, under Fed.R.Civ.P. 8(c), 28 U.S.C., the defense of a release is an affirmative defense. It is well settled in this circuit that affirmative defenses may be raised by motion filed prior to answering the complaint. See Hartmann v. Time, Inc., 3 Cir., 166 F.2d 127, 138, 1 A.L.R.2d 370, certiorari denied, 1948, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (res judicata); Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F. 2d 631, 635–636 (statute of frauds); Victory v. Manning, 3 Cir., 1942, 128 F.2d 415 (waiver); White v. American Barge Lines, D.C.W.D.Pa.1955, 127 F. Supp. 637 (limitations); Messelt v. Security Storage Co., D.C.D.Del.1953, 14 F.R.D. 507 (limitations); Carroll v. Pittsburgh Steel Co., D.C.W.D.Pa.1952, 103 F.Supp. 788 (limitations); 348 Bloomfield Ave. Corp. v. Montclair Mfg. Co., D.C.D.N.J.1950, 90 F.Supp. 1020 (res judicata); Park-In Theatres, Inc., v. Paramount-Richards Theatres, Inc., D.C.D.Del., 90 F.Supp. 727, affirmed per curiam, 3 Cir., 1950, 185 F.2d 407, certiorari denied, 1951, 341 U.S. 950, 71 S. Ct. 1017, 95 L.Ed. 1373 (limitations); cf. Miller v. Hoffman, D.C.D.N.J.1940, 1 F.R.D. 290 (release).

2. Plaintiff asserts that the release does not inure to the benefit of the United States on the ground that the clause releases only the Housing Authority, an agent of defendant, and a release of an agent does not necessarily release the principal. An alternative ground asserted is that defendant and the Housing Authority are joint tortfeasors, and the release of the latter does not discharge the former, under the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P.L. 1130, §§ 1–8, 12 P.S. §§ 2082–2089.

The theories upon which plaintiff relies are not applicable here. The release in question is not a release by an injured person of an existing liability for injuries which have arisen out of a tort which has been committed. Moreover, it must be remembered that the United States is the defendant in this litigation only because plaintiff has successfully contended, in an earlier argument before another judge of this court, that the Housing Authority is, for the purposes of this suit, a "federal agency" under 28 U.S.C. § 2671, so that employees of the Housing Authority are employees "of the Government" under 28 U.S.C. § 1346(b). It is for that reason that the United States is subject to the landlord's liabilities in this action. The United States cannot be held to stand in the place of the landlord with respect to such liabilities without having the landlord's defenses to such liabilities.

3. Plaintiff contends that the release clause was inoperative on December 15, 1953, the date of the accident, because the lease, dated December 7, 1951, was for one monthly term, beginning January 1, 1952. The lease appears to have been modified only once, by a writing which provided:

"It is hereby agreed that the monthly rent for the presently leased dwelling unit is increased to $43.50, effective September 1, 1953.

"Nothing contained herein shall be held to alter, vary or waive any of the agreements, conditions or declarations of this lease except as stated herein."

Paragraph 4 of the lease provides:

"The lease shall be automatically renewed for successive terms of one calendar month each at the rental of $40.00, per month payable in advance on the first day of each month, unless terminated by either party as herein provided. The landlord may terminate this lease or any renewal thereof, upon any day during any such term by giving the Tenant not less than 15 days prior notice in

writing. The Tenant may terminate this lease or any renewal thereof at the end of any such term upon not less than 15 days prior notice in writing to the landlord, or upon such shorter notice as may be acceptable to the Management."

Plaintiff does not dispute that he and his family, including the children for whose deaths this action is brought, continued to occupy the premises until the time of the accident, and plaintiff does not assert that the lease was ever terminated under paragraph 4 thereof. Under these circumstances plaintiff's contention that the release clause was not operative at the time of the accident must fail. See Gold v. Fox Film Corp., 1927, 289 Pa. 429, 137 A. 605.

Smith v. Pringle, 1882, 100 Pa. 275, and Mellott v. Fisher, 57 Pa.Dist. & Co. R. 372 (C. P., Bedford Co., 1946), upon which plaintiff relies, are clearly distinguishable because they involve a new agreement implied from a holding over by the tenant, rather than a holding over in accordance with an automatic renewal clause of the lease. The Gold and Mellott cases both emphasize this distinction.

■ 4. There is no substance to plaintiff's contention that the release clause is against the public policy of the United States.

5. Finally, plaintiff contends that the release clause is not applicable to actions for injuries and deaths sustained by the lessees' minor children, who were not parties to the lease agreement.

Under the law of Pennsylvania, the amended complaint states two quite different and distinct causes of action for each of the decedents' deaths. Counts one and three of the complaint seek recovery under the wrongful death statute, 12 Pa.P.S. §§ 1601–1604; Pa.R.Civ.P. 2201–2207, 12 P.S.Pa.Appendix; counts two and four seek recovery under the survival statute, 20 Pa.P.S. § 320.601 et seq.

■ Under the wrongful death statute recovery is limited to and for the bene-fit of and is measured by the pecuniary loss to the spouse, children, or parents of the deceased, and no other persons, and the recovery is not subject to the claims of the decedents' creditors. The claims being enforced under the wrongful death statute are the claims of the decedents' statutory dependents; they are not a survival of the decedents' claims, and the claims are subject to the defenses which may be available against the statutory dependents. Thus, if the decedents' deaths were caused by the concurrent negligence of the statutory dependents and of a third person, a wrongful death action against the latter would be barred by reason of the dependents' negligence, even though the decedents had not been negligent. See Burns v. Goldberg, 3 Cir., 1954, 210 F.2d 646; Stafford v. Roadway Transit Co., D.C.W.D. Pa.1947, 70 F.Supp. 555, 564, 566–570, modified on other grounds, 3 Cir., 1948, 165 F.2d 920; Annotation, 2 A.L.R.2d 785–811 (1948).

■■ The complaint avers that the wrongful death actions are brought on behalf of the decedents' sister and half-sister, as well as their parents. It is clear, however, that, of the persons named, only the decedents' parents, the lessees under the lease, are entitled to recover under the wrongful death statute. 12 Pa.P.S. § 1602. The liability which plaintiff asserts here under the wrongful death act on behalf of the tenants is clearly within the terms of the release clause by which the tenants agreed to release the landlord from liability for injury to any member of their household. Such a release clause operates as a present release and is effective according to its terms against the tenants who were parties to the lease. See Manius v. Housing Authority, 1944, 350 Pa. 512, 39 A.2d 614; Jacob Siegel Co. v. Philadelphia Record Co., 1944, 348 Pa. 245, 35 A.2d 408; Cannon v. Bresch, 1932, 307 Pa. 31, 160 A. 595; Wright v. Sterling Land Co., 1945, 157 Pa.Super. 625, 43 A.2d 614. As has been stated in the foregoing cases, such release clauses, so far as they relate to the private and personal af-

fairs of the parties to the agreements, are not opposed to public policy.

Therefore, the court is of the opinion that the release clause is a complete defense to plaintiff's action under the wrongful death statute.

■ As indicated above, however, the recovery under the survival statute is sought under an entirely different theory. The recovery is for the benefit of the decedents' estates, is measured by the loss to the decedents, is subject to the claims of their creditors, and is to be distributed ultimately to those who would take any other residuary asset of the decedents' estates. The actions under the survival statute are, in effect, a survival of the causes of action which the decedents could have enforced had they survived, and the disabilities of the beneficiaries of the decedents' estates or other third persons do not bar such actions. Thus, if the injuries causing decedents' deaths had resulted from the concurrent negligence of their parents and of the landlord, the negligence of the former would be no bar to an action under the survival statute against the latter, even though the recovery might inure ultimately to the benefit of the parents. See Burns v. Goldberg, supra; Stafford v. Roadway Transit Co., supra; Annotation, 2 A.L.R.2d supra, at pages 811–814.

■ Therefore, it would seem that the release signed by the tenants cannot bar the actions under the survival statute unless such clause would bar an action on behalf of the minors for their injuries had they survived.

The question whether a release clause in a lease signed by the tenants can effectively bar claims of their minor children was answered affirmatively in McDonough v. Plantholt, 76 Pa.Dist. & Co. R. 119 (C. P., Phila. Co., 1950), involving a release clause similar in all relevant respects to that of the lease here involved. This court, however, is of the opinion that the McDonough case is not in harmony with the law of Pennsylvania and cannot be followed in this case.

■ To begin with, the language of the release clause is not as clear as it could be that liability to anyone other than the tenants was intended to be released. The clause provides that the *tenant* agrees to release the landlord from liability for injuries to members of the household; there is no language by which the members of the household agree to anything, and even the tenants do not agree to release the landlord from *liability* "*to* members of the household", or "*to* any person," for injuries *sustained by* members of the household. A not unnatural construction of the clause may be that the tenants have agreed to release the landlord from liability *to themselves* for their own losses arising from injuries sustained by members of their household, but that they have not agreed to release the claims of any one other than themselves. Cf. Lerner v. Heicklen, 1926, 89 Pa.Super. 234, 236. In this connection it must be remembered that, in case of doubt or uncertainty as to the meaning of the lease provision, it must be construed against the lessor and in favor of the lessee. Darrow v. Keystone 5, 10, 25, $1.00 Stores, Inc., 1950, 365 Pa. 123, 74 A.2d 176; Baldwin v. McEldowney, 1936, 324 Pa. 399, 188 A. 154.

If the release clause is not to be thus limited in its interpretation, its validity with respect to the claims of the minor members of the tenants' household is extremely doubtful. While it is true that the appellate cases relied on in the McDonough case, supra, have held that such release clauses are valid so far as they relate to the parties thereto, no case which the court has found, aside from the McDonough case, indicates that a release clause may be effective against third parties who are minors. There are many contract provisions which are valid and not opposed to public policy as between adult parties thereto; whether such provisions are effective as to minors who are not parties to the contract is an entirely different question. Thus a release of a present claim for a minor's past injuries may be ineffective although executed by the minor and/or by his nat-

ural guardian, even though such a release is, of course, valid and effective when executed by an adult for his own injuries. American Mutual Liability Ins. Co. v. Volpe, 3 Cir., 1922, 284 F. 75; Campbell v. Sears, Roebuck & Co., 1932, 307 Pa. 365, 161 A. 310; Brill v. Brill, 1925, 282 Pa. 276, 127 A. 840; Hollinger v. York Rys. Co., 1909, 225 Pa. 419, 74 A. 344; Haines v. Fitzgerald, 1933, 108 Pa.Super. 290, 165 A. 52. The policy of the Pennsylvania law of protecting minors is also illustrated by the requirement of court approval for the compromise of litigation to which a minor is a party. 20 P.S. § 1072; Pa.R. Civ.P. 2039, 2206.

The court is of the opinion that the release clause in question did not and could not operate as an effective release of the claims of plaintiff's minor children, under the law of Pennsylvania as well as other jurisdictions. See Chicago, R. I. & P. Ry. v. Lee, 8 Cir., 1899, 92 F. 318; Annotation, 13 A.L.R. 402, 404–405 (1921). Therefore, defendant's motion with respect to plaintiff's claims under the survival statute will be denied.

An appropriate order is entered.