## New Amsterdam Casualty Co. v. Marietta

Before Carson, P. J., Cummins, and Weiner, JJ.

*McCreight, Marriner & McCreight,* for plaintiff.

*Paul N. Barna, Jr.,* for defendant.

CARSON, P. J., July 14, 1961.—The New Amsterdam Casualty Company filed an action in assumpsit against Wade H. Marietta and Margaret I. Marietta, defendants. Plaintiff seeks to recover monies paid for (a) court costs, (b) attorneys' fees and (c) settlement, in defending an action in trespass, arising out of an automobile collision, brought by Patricia Marietta, defendants' daughter, against James Gilchrist, at no. 117 May term, 1957. Plaintiff was the insuror of James Gilchrist.

Patricia Marietta, a minor on March 24, 1955, was injured by an automobile operated by James Gilchrist. Plaintiff, acting through its adjustor and attorney, made a settlement with the parents of the minor, which settlement was evidenced by a written agreement, executed by defendants, as parents and natural guardians of their minor daughter. By the terms of the agreement, they released James Gilchrist from any claim or claims, which they or their minor daughter might have against him, arising out of said accident. The agreement provided, inter alia, that in consideration of the payment of $154, defendants agreed to "repay Gilchrist, his heirs, successors and assigns, any sum of money—which they may hereafter be compelled to pay because of said accident". The settlement did not comply with the provisions of the Act of April 26, 1933, P. L. 88, nor with Pa. R. C. P. 2039.

The act aforesaid provides, inter alia:

"That whenever it is desired to compromise or settle a suit pending in any court of this Commonwealth to

recover damages for personal injuries sustained by a minor, upon oral motion by counsel of record in said suit, or upon petition by the next friend of said minor, the said court may make an order authorizing such compromise or settlement to be made."

Rule 2039 provides, inter alia:

"a. No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."

Goodrich-Amram supplies the following commentary under Rule 2039:

"While the Court could watch over the ordinary details of the litigation to insure that the interests of the minor were being protected, it lacked the power to prevent compromises and settlements of actions which were unfair to minor parties."

(Commentary, §2039 (a)-1)

"Rule 2039 has materially altered the practice in actions to which minors are parties. It should therefore be carefully noted that

"(1) no compromise should be made without obtaining the court's approval;

"(2) the minor's guardian or his attorney, either in case of settlement or judgment, should petition the court to fix counsel fees and allowances for costs;

"(3) if no petition is filed by any party under either Subdivision (b) or (c) of Rule 2039, the entirety of any judgment may be paid only to the guardian of his estate;

"(4) if an amount which does not exceed $500 is due the minor and he has no guardian of his estate, the guardian of the minor or his attorney should consider the advisability of obtaining an order that payment be made to the natural guardian of the minor, the guardian of his person, the person maintaining him or directly to the minor;

"(5) in no case should any payment be made to any but the persons designated in the court's order."

Commentary §2039 (c)-5)

The Pennsylvania law has been construed favorably for the protection of minors. In the case of Schetter v. United States, 136 F. Supp. 931, 935 and 936, the United States District Court for the Western District of Pennsylvania, Miller, J., held:

"There are many contract provisions which are valid and not opposed to public policy as between adult parties thereto; whether such provisions are effective as to minors who are not parties to the contract is an entirely different question. Thus a release of a present claim for a minor's past injuries may be ineffective although executed by the minor and/or by his natural guardian, even though such a release is, of course, valid and effective when executed by an adult for his own injuries. American Mutual Liability Ins. Co. v. Volpe, 3 Cir., 1922, 234 F. 75; Campbell v. Sears, Roebuck & Co., 1932, 307 Pa. 365, 161 A. 310; Brill v. Brill, 1925, 282 Pa. 276, 127 A. 840; Hellinger v. York Rys. Co., 1909, 225 Pa. 419, 74 A. 344; Haines v. Fitzgerald, 1933, 108 Pa. Super. 290, 165 A. 52. The policy of the Pennsylvania law of protecting minors is also illustrated by the requirement of court approval for the compromise of litigation to which a minor is a party: 20 P. S. §1072; Pa. R. C. P. 2039, 2206.

"The court is of the opinion that the release clause in question did not and could not operate as an effective release of the claims of plaintiff's minor children, under the law of Pennsylvania as well as other jurisdictions. See Chicago, R. I. & P. Ry. v. Lee, 8 Cir., 1899, 92 F. 318; Annotation, 13 A. L. R. 402, 404-405 (1921). Therefore, defendant's motion with respect to plaintiff's claims under the survival statute will be denied."

After Patricia Marietta attained her majority, she filed a suit against James Gilchrist at no. 117 May term, 1957. A verdict was returned for defendant and a new trial awarded to plaintiffs, after which plaintiff settled the claim by paying Patricia Marietta $750. Plaintiffs then filed this action. Defendant by filing preliminary objections moved for judgment on the pleadings. These objections are based upon claims that defendants were not bound by the indemnity contract and that said contract is unenforceable, as contrary to public policy.

The determination of this case depends upon construction of the indemnity agreement, executed by the parents, in settlement of the infant's claim. Are the terms of this agreement unenforceable as against public policy? There is no case in point reported or found in the Pennsylvania courts. In New York, the case of Valdimer v. Mount Vernon Hebrew Camps, Inc., 9 N. Y. 2d 21, 172 N. E. 2d 283, was adjudicated January 21st of this year. There, a suit was entered on behalf of a minor, The New York court held that the purpose of the indemnity contract was to motivate the parent to discourage the proper prosecution of the infant's claim, and that the contract thwarted two public policies of the State: (1) protecting a minor's interest and (2) keeping family harmony.

The fact that the defendant insuror settled the claims of defendants, individually and as parents of their minor daughter, and then again settled the claim of defendant in the action which she brought after she became an adult, are evidence that plaintiff, as a minor, had a good cause of action. That plaintiff made a settlement with defendants for $154 for both the claims of the parents and the minor, and later settled the claim of the minor alone for $750, is some indication that the interest of the minor had not been protected in the original settlement. Such facts show suffi-

cient proof that settlements of minors' cases should have had the approval of the court. It is the policy of the legislature and of the courts to inquire and require that the interest of the minors are protected. A judge is required to personally see the minor involved in a suit and to make inquiry and be satisfied that the interests of the minor are protected before a settlement can be approved. To permit plaintiff to secure an indemnity agreement, in a nominal amount, and thereby bar the minor from recovery, would be to render the relevant Act of Assembly and Rules of Civil Procedure, useless.

Settlements such as were effected, as in the instant case, are contrary to public policy, contrary to the interest of the minor and contrary to the maintenance of a harmonious family relationship. The preliminary objections filed by defendants must be sustained.

Wherefore, the following:

### Order

And now, July 14, 1961, it is ordered and directed that the preliminary objections filed by defendants be sustained.