## Weidenhammer Estate

582

*Robert I. Cottom,* for petitioner.

MUTH, P. J., July 8, 1966.—Peoples Trust City Bank has presented its petition alleging that it is the guardian of Larry Weidenhammer, a minor; that on June 19, 1964, Larry Weidenhammer was injured in an accident which occured on the farm of William C. Adams, of Shoemakersville, R. D. 1, Pa., while a milk cooler was being installed on said premises, in which installation the Berks County Farm Bureau Cooperative Association, the Lehigh Valley Cooperative Association and Girton Manufacturing Company were involved. Petitioner instituted suit against Berks County Farm Bureau Cooperative Association and secured a settlement of $8,500. No claims have been presented or suits instituted against William C. Adams, Girton Manufacturing Company or the Lehigh Valley Cooperative Association. The petition alleges that a possible tort claim on behalf of the said minor against the aforementioned William C. Adams, Girton Manufacturing Company and the Lehigh Valley Cooperative Association exists, and that it has been advised by counsel that the claim against William C. Adams is questionable.

The petition further alleges that Emily Machemer, mother of Larry Weidenhammer, the minor, has requested petitioner not to institute suit for any further recovery for the injuries sustained by her minor son because of her fear of the adverse criticism of her neighbors. Petitioner requests permission to disclaim any and all causes of action which may exist arising out of the injuries to Larry Weidenhammer, a minor, against any firm, person or corporation, and for permission to refrain from instituting any suit on his behalf for the further recovery of any damages.

The petition does not contain any reference to any citation of any Act of Assembly relied upon by petitioner, as required by our rule of practice no. 34.

A guardian is a trustee for persons whom the law regards as unable to act for themselves, and he must use the same care and management that a prudent man would exercise over his own affairs: Hughes' Minors' Appeal, 53 Pa. 500. The powers, duties and liabilities of a guardian, whether court-appointed or otherwise, are almost identical with those of a trustee, as pointed out in Fiduciary Review for February, 1950. In fact, section 1043 of the Fiduciaries Act of April 18, 1949, P. L. 512, incorporates by reference 17 separate sections of the act dealing with the powers of trustees and states that the guardian's powers shall be the same.

Restatement, Trusts 2d §192, pertains to the power of a trustee to compromise, arbitrate and abandon claims as follows:

"The trustee can properly compromise, submit to arbitration or abandon claims affecting the trust property, provided that in so doing he exercises reasonable prudence".

The comment upon said section set forth in the Restatement, Trusts is as follows:

"a. *Compromise and arbitration of claims held by trustee.* The trustee has a power as well as a duty to take such steps as are reasonable to realize on claims which are a part of the trust property. See §177. If the only reasonable step under the circumstances would be to bring suit to enforce the claims, he has a duty to bring such suit. If it is reasonably prudent to compromise such claims or submit them to arbitration, the trustee can properly do so. The trustee has discretion whether to sue or to compromise claims or submit them to arbitration, if he acts within the bounds of a reasonable judgment.

"b. *Compromise and arbitration of claims against trustee.* The trustee can properly compromise or submit to arbitration claims against him which if successful would result in a loss to the trust estate, provided

that in doing so he exercises reasonable prudence. As to the duty of the trustee to defend such claims, see §178.

"c. *Abandonment of claim.* The trustee cannot properly abandon claims affecting the trust property unless it reasonably appears that a suit would be futile or the expense of litigation or the character of the claim would make it reasonable not to bring suit and he is unable to effect any reasonable settlement by compromise or submission to arbitration.

"d. *Application to court.* If the trustee is in doubt whether he should compromise or submit to arbitration a claim, he may ask the instruction of the court or he may agree thereto conditionally upon the subsequent approval of the court".

A next friend or a natural guardian may not bind a minor by an agreement or a release: Fassitt v. Seip, 249 Pa. 576; Spivak v. Bronstein, 367 Pa. 70; nor has a parent an authority to convey the interests of a minor child: Shulz Estate, 374 Pa. 459.

A release of a present claim for a minor's past injuries may be ineffective although executed by the minor and/or by his natural guardian, even though such a release is, of course, valid and effective when executed by an adult for his own injuries: American Mutual Liability Ins. Co. v. Volpe, 284 Fed. 75 (3rd Cir.); Campbell v. Sears, Roebuck & Co., Inc., 307 Pa. 365, 161 Atl. 310; Brill v. Brill, 282 Pa. 276, 127 Atl. 840; Hollinger v. York Railways Company, 225 Pa. 419, 74 Atl. 344; Haines v. Fitzgerald, 108 Pa. Superior Ct. 290, 165 Atl. 52. The policy of the Pennsylvania law of protecting minors is also illustrated by the requirement of court approval for the compromise of litigation to which a minor is a party: 20 PS §1072; Pennsylvania Rules of Civil Procedure 2039, 2206.

It is apparent, therefore, that there is inherent in the existence of a guardian the ability and the duty to

exercise the care and management of a prudent man. The mother of Larry Weidenhammer, as his parent and natural guardian, may not convey or relinquish the interests of her minor child.

Petitioner, as guardian of a minor, has the duty of taking such steps as are reasonable to realize all claims which are part of the guardianship estate. It is true that the guardian has the right, similar to that of a trustee, to seek the instructions of the court as to whether he should compromise or submit to arbitration an existing claim if he is in doubt. However, this does not absolve the guardian from exercising the judgment, care and management which a prudent man would exercise over his own affairs. This exercise of judgment, care and management must exist in the first instance and must be the basis for any submission to the court for instructions as to whether or not the guardian's exercise of management and judgment should be approved.

Although a guardian or trustee ad litem cannot surrender rights possessed by his wards (cf. Piperberg Estate, 87 D. & C. 26, 3 Fiduc. Rep. 67; Gingrich Estate, 57 Dauph. 102; Mark's Estate, 38 D. & C. 489), he does have power to compromise a legitimate dispute, and when such compromise is approved by the court as fair to the interests of the wards, it is binding upon the parties concerned.

The petition before us contains no averments of fact concerning the possible tort claims in favor of Larry Weidenhammer against the Girton Manufacturing Company or the Lehigh Valley Cooperative Association other than that petitioner has been advised by counsel that there is little, if any, chance of obtaining a verdict in favor of the minor. It does not appear that any effort was made by petitioner or its counsel to secure any compensation from the Girton Manufacturing Company or the Lehigh Valley Cooperative Association.

Apparently, the possible liability of these parties and their financial responsibility has not been investigated.

The court will consider for approval the compromise or abandonment of doubtful claims, but it cannot absolve a guardian from exercising judgment and discretion as to whether such compromise or abandonment of claims shall be submitted for approval. The guardian must satisfy the court that the circumstances are such that the best interests of the minor will be served by such compromise or abandonment. The petition before us presents no facts justifying granting the prayer of petitioner. The court will not substitute its judgment and discretion for that of the guardian. The court does not issue advisory opinions to fiduciaries.

ORDER

And now, to wit, July 8, 1966, it appearing to the court that petitioner has not exercised that judgment and discretion inherent in the powers of a guardian, and that the facts in the within petition set forth do not justify granting the prayer of the petition, it is hereby ordered and directed that the petition of Peoples Trust City Bank, guardian of Larry Weidenhammer, a minor, is hereby dismissed at the costs of said petitioner.