## Mumford v. Doeber

*Michael J. Brillhart*, for plaintiff.
*Nevin Stetler*, for defendant.

BUCKINGHAM, J., November 28, 1972.—In this case, plaintiff sought to compel defendant to reconvey real property to plaintiff which plaintiff alleged he conveyed to defendant as trustee while plaintiff was still a minor. Plaintiff's position was that he promptly disaffirmed his deed to defendant on reaching majority. Testimony was taken before the chancellor who filed

on March 20, 1972, dismissing plaintiff's complaint. Plaintiff has filed exceptions to the adjudication upon which argument was had before the court en banc. This opinion and order are filed for the court en banc.

The first exception is to the chancellor's finding that plaintiff did not attempt to disaffirm his deed until 22 months after he reached his majority. At oral argument, there was some indication from plaintiff's counsel that this exception was not being pressed. In any event, we think there is no substance to it. Although there was some evidence to the contrary, we think the record as a whole fully supports the conclusion that plaintiff did, in fact, wait 22 months after majority to disaffirm his deed. Since the question is solely one of credibility of the witnesses, we see no reason to disturb the finding of the chancellor and, accordingly, this exception will be dismissed.

The second exception questions the finding that a disaffirmance 22 months after coming of age is not a disaffirmance within a reasonable time and, accordingly, plaintiff thereby ratified his deed to defendant. This issue was thoroughly covered in the discussion part of the adjudication and we see no useful purpose in going over it again. Plaintiff has given us no new authority to support his contention that he disaffirmed within a reasonable time but instead has simply restated the arguments made previously to the chancellor. The chancellor's finding that plaintiff's disaffirmance was not timely was largely on the basis of the language in Campbell v. Sears, Roebuck & Co., 307 Pa. 365 (1932), and Dolph v. Hand, 156 Pa. 91 (1893). In Campbell 13 months after majority was held an unreasonable time. Of course, there are some factual differences among Campbell, Dolph and our situation and it is upon these differences that plaintiff relies.

Yet the language of Campbell and Dolph is bluntly against plaintiff's position and may not be ignored. We are persuaded that the chancellor was correct and conclude that this exception must also be dismissed.

Exceptions 3 and 4 except to the chancellor's conclusions of law that plaintiff's complaint should be dismissed with costs on plaintiff and exceptions 6 and 7 complain of the chancellor's refusal to adopt plaintiff's requested findings of fact and conclusions of law which would have granted plaintiff the relief he sought. These exceptions merit no discussion since, as we have indicated, we feel that the chancellor's findings of fact and conclusions of law are more than supported by the evidence. These exceptions, therefore, will be dismissed.

Finally, exceptions 5 and 8 except to the decree nisi on the grounds that it is inequitable and unjust. To the contrary, as the chancellor pointed out, it was defendant who was severely prejudiced by plaintiff's unreasonable delay in notifying him that it was plaintiff, not plaintiff's father, who was the grantor of the deed to defendant. The equities in the case are clearly on the side of defendant.

After reviewing the record and the briefs of counsel, we are satisfied that the decree of the chancellor was correct and we, therefore, enter the following

## ORDER

And now, to wit, November 28, 1972, it is ordered, adjudged and decreed that the exceptions filed herein be and are hereby dismissed and that the decree nisi entered on March 20, 1972, be and is hereby adopted and entered as the final decree of the court.

An exception is granted to plaintiff.

The prothonotary shall give prompt notice of the entry of the final decree.