## Shoff v. Shoff

*Samuel S. Wenger*, for libellant.

WISSLER, J., July 24, 1942.—E. Kathryn Shoff, a minor, filed a libel in divorce in her own name alone on December 15, 1941. The affidavit to said libel was taken by libellant, whereupon, after the proper proceedings in this court, a master was appointed to take the testimony, and testimony was taken thereon on March 16, 1942. At the hearing before the master the libellant testified that she became 21 years of age on December 28, 1941. The master, in his report, recommended that the libel be dismissed because the court did not have jurisdiction over the libellant for the reason that the libellant was a minor and as such could not present a libel without having a guardian to represent her interests.

The question, then, before this court is: Does a libel in divorce filed by a minor in a minor's own name, when the requirement of representation is mandatory both by the act of assembly relating to divorce, as well as the

Pennsylvania Rules of Civil Procedure, create a lack of jurisdiction, or is it a mere defect in procedure?

That the libel as filed is not in compliance with Pa. R. C. P. 2028(a), according to which it should have been "E. Kathryn Shoff, by her Guardian", is not in question. The Rules of Civil Procedure relating to "Minors as Parties" apply to actions of divorce.

Rule 2026, Pa. R. C. P., states that "action", as used in this chapter, "means any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules". In the commentary on section 2026 in Goodrich-Amram Civil Practice, it is said:

"The rules governing minors as parties apply to divorce actions and suspend the provisions of the Divorce Code prescribing that the libel of a minor shall be presented by a relative or next friend."

In Coven v. Coven, 6 D. & C. 794 (1925), and Mitchell v. Mitchell, 12 D. & C. 574 (1929), it was held in a divorce action under the Act of March 13, 1815, 6 Sm. L. 286, that the Act of June 11, 1879, P. L. 126, removed the disability of coverture, but the disability of infancy still remained, and while holding the action in divorce should have been brought by the intervention of a trustee or next friend the court, at the same time, permitted an amendment, thereby recognizing the principle that the defect of nonjoinder of a guardian is one of form and procedure rather than of substance and jurisdiction.

In Potter v. Potter, 43 D. & C. 413, where these various rules were interpreted, it was held that, where an action in divorce is originally brought by a minor in her own name and later is amended without leave of court to recite the name of the minor by her father and next friend, the style of the action is not in compliance with Pa. R. C. P. 2028(a), requiring that an action in which a minor is plaintiff shall be entitled in the name of the minor by his guardian, but noncompliance with this rule is not a fatal defect where a decree has not been

granted, and leave will be given to amend the style of the action and the libel to conform to the rule.

In the commentary on section 2037 (*a*) in Goodrich-Amram Procedural Rules Service, it is said:

"When the minor, who has been properly represented, becomes of age, there is no longer any need for the guardian. The minor, then adult, is sui juris and needs no representative to protect his interests."

The prior practice was in accordance with this rule: Bailey v. Alexander Realty Co., 342 Pa. 362 (1941); Mahoney v. Park Steel Co., 217 Pa. 20 (1907). In the latter case, where an action in trespass had been brought by a minor through his father and next friend, and pending the action the minor became of age, it was held there was no necessity for a petition and an order of court allowing him to intervene, and that the record, on motion, might be amended so that plaintiff may appear in his own right instead of through his father and next friend.

Rule 2035, Pa. R. C. P., states:

"The non-representation of a minor plaintiff may not be assigned by a defendant as a ground for a nonsuit, directed verdict, or judgment n. o. v., but may be assigned by the minor plaintiff as ground for a new trial when a setoff or counterclaim has been successfully asserted against the minor plaintiff."

In the commentary on section 2034 (*d*) in Goodrich-Amram Civil Practice, it is said:

"If the finding, verdict or judgment is in favor of the unrepresented minor, the proceedings will not be set aside on the ground of the latter's nonrepresentation. The losing party cannot complain. He has lost the action on the merits and the nonrepresentation of the minor is an immaterial fact. The minor cannot complain. He has won the case."

In a divorce case, a minor plaintiff is divorced or not. If divorced, he wins his case completely, and nothing more could have been accomplished by representation.

The court is, therefore, of the opinion that non-compliance with Pa. R. C. P. 2028 is not a fatal defect, but amendable. In the instant case, however, libellant had become of age before the hearing, and she was in no need of a representative to protect her interests.

And now, July 24, 1942, the exceptions to the master's report are sustained, and the master's report is recommitted to the master for further consideration and recommendation upon the merits of the case.