## REMLEY et al. v. TRIANGLE PUBLICATIONS, Inc.

### Civil Action No. 23052.

District Court, N. D. Ohio, E. D.

Oct. 3, 1946.

Ernest H. Cohen and Herschel Kriger, both of Canton, Ohio, for plaintiffs.

H. J. Crawford and L. L. Towell, both of Cleveland, Ohio, and Bell, Murdock, Paxson & Dilworth, of Philadelphia, Pa., for defendants.

JONES, District Judge.

This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for unpaid overtime compensation and liquidated damages.

The defendants, during the period for which overtime compensation is sought, published a newspaper. The Cecelia Company, defendant, was dissolved on December 31, 1940, and was succeeded by Triangle Publications, Inc., defendant, which sold its business on February 28, 1944. The defendant, Cecelia Company, has filed a motion to dismiss interrogatories propounded as to it because the cause of action is barred by the statute of limitations. The defendant, Triangle Publications, Inc., likewise, moves to limit the interrogatories to a period subsequent to June 29, 1942, which is within the three year statute.

Both defendants subsequently filed amended motions which, in addition, object specifically to interrogatories 1, 2, 3, 4, 17, 18, 19 and 20.

In the absence of a Federal statute of limitations, there being no limitation provision in the Fair Labor Standards Act, the statute of limitations of the state ordinarily governs. The defendants claim that Section 11225 of the Ohio General Code as it was amended (September 20, 1943) is applicable. The plaintiffs say that this section is invalid and not applicable. (1) It interferes with the power of Congress to regulate interstate commerce as it has done by the enactment of the Fair Labor Standards Act of 1938. (2) It is contrary to the purposes of the Fair Labor Standards Act. (3) It is unconstitutional because it is discriminatory as between classes of litigants.

If the state statute is discriminatory, then it cannot stand. Section 11225 is general in its terms. While it applies to cases under the Fair Labor Standards Act, it likewise applies to any cause of action which falls within its terms and is not limited to causes of action under the Fair Labor Standards Act.

Since Congress in enacting the Fair Labor Standards Act did not write into it a statute of limitations, it seems to me this field is open for state legislation. Section 11225, in my opinion, does not invade any of the rights of Congress to regulate interstate commerce nor is it contrary to the purpose of the Fair Labor Standards Act. Section 11225 only limits the time for the action provided by the Fair Labor Standards Act. Congress in failing to legislate in this field left it open to state regulation.

I think that Section 11225, by its wording, excludes any application of Section 11222 as is claimed by the plaintiffs.

The case of Republic Pictures Corp. v. Kappler, 8 Cir., 151 F.2d 543, 162 A.L.R. 228, cited by the plaintiffs in this case, holding an Iowa statute of limitations not applicable, can be distinguished from the Ohio statute. The Iowa statute particularly singled out Federal statutes and treated them differently. Section 11225 makes no

such distinction. It is not limited to causes of action under the Fair Labor Standards Act. I think that Section 11225 is applicable to actions of this character and that the motion to limit interrogatories should be sustained as to inquiries prior to June 29, 1942.

Objections to Interrogatories 1, 2 and 4 are sustained. In view of the ruling as to the statute of limitations, it appears that the relationship of the two defendants is not important.

The objection to Interrogatory 3 is overruled.

The objections to Interrogatories 17, 18, 19 and 20 are overruled, the defendants in their answer having denied that these plaintiffs are under the provisions of the Fair Labor Standards Act of 1938. Approved and so ordered.