362

**STEIN et al. v. YOUNGSTOWN STEEL CAR CORPORATION.**

Civ. No. 24152.

District Court, N. D. Ohio, E. D.

Dec. 20, 1946.

John Ruffalo, of Youngstown, Ohio and A. M. Oliver, of Pittsburgh, Pa., for plaintiffs.

A. M. Henderson, of Youngstown, Ohio, for defendant.

JONES, District Judge.

In view of the position which I take, and earlier have taken, on the question here presented, the oral argument requested by the defendant seems unnecessary. See memorandum in Remley et al. v. Triangle Publications, Inc., et al., No. 23052, Civil, filed October 3, 1946.

The plaintiffs here seek to recover from the defendant certain unpaid overtime compensation, liquidated damages amounting to $8,000, and attorneys' fees, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The periods of employment for which the plaintiffs seek to recover begin on July 1, 1940. The action was filed on June 28, 1946.

On August 27, 1946, plaintiffs served 20 interrogatories on the defendant. Defendant objected to certain of these interrogatories which pertained to the plaintiffs' employment prior to July 8, 1943. The ground of objection is that Section 11225 of the Ohio General Code establishes a three year period of limitation for actions by employees for the recovery of unpaid minimum wages, unpaid overtime compensation or liquidated damages therefor. Section 725, Title 28 U.S.C.A., provides that: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

Inasmuch as the Fair Labor Standards Act of 1938 contains no provision limiting the time for commencement of actions arising thereunder, the Federal courts have generally followed the state statutes of limitations covering such actions. The only cases found where a Federal court has not applied the state statute of limitations to an action under the Fair Labor Standards Act of 1938 are those cases wherein the court found that the state statute of limitations discriminated against such actions, or Federal actions in general, in that the statute was enacted for the purpose of depriving persons of a reasonable time within which to commence such actions.

The plaintiffs here have failed to point out that Section 11225 of the Ohio General Code is discriminatory. Indeed, the language of that Section is general and would apply as well to state legislation in this field. Moreover the time limit (three years) is reasonable considering the fact that some Federal courts have held that periods of two years are not unreasonable.

The ruling made in Remley v. Triangle Publications, Inc., supra, will be adhered to and defendant's objections to interrogatories will be sustained as to those portions of interrogatories four, five and eight which pertain to the plaintiffs' employment prior to July 8, 1943.

Order may be entered accordingly.