CUMMINGS v. HUBBELL.

Civ. A. No. 88.

District Court, W. D. Pennsylvania.

June 20, 1947.

Thomas W. Barber and Joseph C. Barber, both of Philadelphia, Pa. (Barber & Sennett, of Erie, Pa., on the brief), for plaintiff.

William W. Knox, of Erie, Pa., for defendant.

FOLLMER, District Judge.

This is a motion by the defendant, Howard G. Hubbell, t/d/a Hubbell Supply Co., to dismiss the plaintiff's complaint filed under the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq.

The ground alleged on which the motion is predicated is "because the complaint fails to state a claim against the defendant upon which relief can be granted, for the reason that said complaint discloses on its face that the same was brought almost two years after the plaintiff was discharged from the army, thus indicating that plaintiff had abandoned whatever claims he may have had against the defendant, and to restore plaintiff to his position at this time would not serve any useful purpose, and would not be within the scope of the Selective Service Act of 1940, and its amendments."

In response to a motion for a bill of particulars and an Order of Court, the plaintiff filed an amended complaint, alleging, inter alia, that the plaintiff had been employed by the defendant from January, 1941, until the date of his induction into the United States Army on December 4, 1943. That he was discharged from his army service on September 2, 1944. That within ten days from his discharge he requested of the defendant reinstatement to his former position and employment. That thereafter, on or about September 7, 1944, September 9, 1944, during the second week of August, 1945, during the first week of October, 1945, and about the middle of December, 1945, he repeated his request for reinstatement to the defendant in person. That in February, 1946, he communicated with defendant by letter indicating his desire to return to his former position and employment. That the defendant has consistently refused to reinstate plaintiff and has in fact employed another person to do the work formerly performed by the plaintiff. That under the terms of his original employment plaintiff was to act as sales manager of the defendant, in charge of all selling outside of their retail establishment, and was to receive as his salary one-half of the net profits of the defendant, to be computed monthly, and as a credit toward his share of the net profits plaintiff was to receive Fifty Dollars per week, which was to be charged against the plaintiff at each monthly accounting period. The complaint demanded reinstatement to his former position and compensation for loss in wages and earnings by reason of defendant's refusal to reinstate the plaintiff.

Rule 8(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides in part that "In pleading to a preceding pleading, a party shall set forth affirmatively * * * laches, * * * statute of limitations, * * *."

Rule 12(b) of the Rules provides in part that "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made

before pleading if a further pleading is permitted. * * *"

Does the complaint here state a claim upon which relief can be granted?

In his motion to dismiss because the complaint fails to state a claim upon which relief can be granted, defendant gives as his sole reason that the complaint discloses on its face that the action was brought almost two years after plaintiff was discharged from the army, indicating abandonment of the claim, and thus by inference raising the defense of laches and the statute of limitations.

The courts are in serious conflict as to the propriety of raising the statute of limitations by motion to dismiss.

Rule 9(f) of the Rules of Civil Procedure provides that "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Rule 8(c) lists the statute of limitations as an affirmative defense.

The plaintiff in his complaint has here clearly set forth all essential allegations as to time and place and if on that showing the claim is barred by the statute of limitations, I am of the opinion that the issue is properly raised in a motion to dismiss. Abram v. San Joaquin Cotton Oil Co., D.C.S.D.Cal. 46 F.Supp. 969.

In reaching this conclusion I see no inconsistency in the proper construction of the portions of the rules hereinabove referred to. Commentary, Raising Statute of Limitations by Motion to Dismiss, 3 Fed. Rules Serv. 12b325, Page 671.

Having found that the statement of claim has here fully set forth all material allegations as to time and place and that therefore the statute of limitations has been properly raised in a motion to dismiss, the next question posed is,—On the facts as alleged, has the statute of limitations run?

The complaint alleges that within ten days after his discharge from the army plaintiff requested reinstatement by the defendant; that he subsequently made four separate oral requests and one written request for reinstatement, and finally, approximately two years after his discharge, instituted this action.

The Selective Training and Service Act of 1940, as amended, under which this action is brought, fixes no time within which such actions shall be commenced. I therefore conclude that the statute of limitations has not run.

As to whether the plaintiff has abandoned his claim or should be barred by laches, either from damages or reinstatement, will depend upon a full disclosure of the facts of the case.

The motion to dismiss is overruled and the defendant is directed to file an answer within twenty days from the date of the filing of this order.