## SONTCVH v. SHARON STEEL CORPORATION.

### Civil Action No. 6114.

District Court, W. D. Pennsylvania.

Sept. 24, 1947.

J. Thomas Hoffman, of Pittsburgh, Pa., for plaintiff.

J. G. Wayman, of Pittsburgh, Pa., and Emrys G. Francis and Fruit & Francis, all of Sharon, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover overtime under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendant moved to dismiss the action on the ground that it was barred by the Ohio statute of limitations. After argument, decision was withheld by reason of the pendency in the Supreme Court of the action of Cope v. Anderson, Receiver, on writ of certiorari to the Circuit Court of Appeals for the Third Circuit and the case of Anderson, Receiver, v. Helmers et al. on a writ of certiorari to the Circuit Court of Appeals for the Sixth Cir-

---

* Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719.

cuit. After the decision by the Supreme Court, June 2, 1947, in the above cases, 67 S.Ct. 1340, plaintiff amended his complaint and to this amended complaint, defendant filed a motion to dimiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the ground that the amended complaint, by reason of the bar of the applicable statute of limitations, failed to state a claim against defendant upon which relief can be granted. This is the motion which is now before the Court.

This action was brought December 16, 1946. Section 11225 of the Ohio Code, as amended September 20, 1943, provides as follows:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment or malpractice, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the non-payment of minimum wages or overtime compensation, shall be brought within three years after the cause thereof accrued."

■ Plaintiff contends that this provision of the Ohio Code is not applicable to the present action. The language " * * * that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the non-payment of minimum wages or overtime compensation, shall be brought within three years after the cause thereof accrued" clearly makes it applicable to the action in this case for unpaid overtime. It has been so held by the District Court for the Northern District of Ohio in the case of Remley v. Triangle Publications, Inc., D.C.1946, 69 F. Supp. 808. It also held that section 11225 excludes any application of section 11222. The above case was followed by the same Court in Stein v. Youngstown Steel Car Corp., D.C., 6 F.R.D. 362, and O'Donel v. Great Lakes Steamship Co., 7 F.R.D. 501.

■ Plaintiff, in his amended complaint, added paragraph 8, which reads:

"6. Pleading in the alternative, should the Court hold that Section 11225 of the Ohio Code covers this action, plaintiff avers that his delay in instituting this action was brought about by the conduct of the defendant through its duly authorized agents in advising the plaintiff orally and his several attorneys in writing, which communications were relayed to the plaintiff, that all those employees of the defendant entitled to overtime excess rate of pay had been promptly paid and that the Federal Fair Labor Standard authorities had determined who were entitled to such excess of overtime pay and that they had promptly paid, that the plaintiff's name was not among those entitled thereto, that he was not entitled to any additional pay and that by reason of the declarations and conduct of the defendant, the plaintiff herein was deceived and misled into believing that his claim was groundless until after a period of three years had elapsed from the date of the accrual of his right of action and plaintiff avers that the defendant is therefore estopped from invoking the protection of the three year statute of limitation when its own conduct deluded the plaintiff into believing his claim groundless and plaintiff avers that the defendant may not now benefit from the delay which it, through its conduct and declarations, caused."

This paragraph does not aver fraud, nor any averment that the facts stated were not true.

Plaintiff and his attorneys knew the facts and knew, or had the same opportunity of knowing, the law applicable thereto, as defendant and its attorneys.

In Ætna Life Insurance Co. v. Moyer, 3 Cir., 1940, 113 F.2d 974, 981, the Court considered a plea of estoppel the same as the plea in the present case. In an opinion by Jones, J., it is stated:

"What the legal effect upon the insurer's plea of the statute of limitations would have been, had the insurer's conduct induced the beneficiary not to file suit for her claims prior to the running of the statute, we need not decide. It appears of record in this case that the beneficiary sought and obtained independent counsel and advice with respect to her rights under the policies sev-

eral years before the statute of limitations had run against any of her claims. Her action, therefore, in not pressing timely her claim for the monthly benefit payments must be deemed to have been taken advisedly; and, thereby, she is bound."

See Hilliard v. Pennsylvania Railroad Co., 6 Cir., 1934, 73 F.2d 473.

The averments in the complaint, if true, do not estop the defendant from setting up the statute as a defense.

The motion of the defendant should be granted. Let an order for judgment be prepared and submitted.