## VIGEN et al.   v.GREAT LAKES DREDGE & DOCK CO.
### Civil Action No. 23101.

District Court, N. D. Ohio, E. D.
Oct. 1, 1947.

Harry J. Dworkin and Jack G. Day, both of Cleveland, Ohio, for plaintiffs.

Homer D. Dines and Donovan Y. Erickson, both of Chicago, Ill., and Frederick L. Leckie, of Leckie, McCreary, Schlitz & Hinslea all of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This case came on for hearing upon the pleadings, stipulations of facts, oral arguments, and briefs. On the day set for the oral argument a motion was filed by the defendant for leave of court to file instanter a supplemental answer. That motion was strenuously opposed by the plaintiffs. The supplemental answer set up and claimed benefits under Section 258 of Title 29 U.S.C.A., which had been enacted by the Congress during the pendency of this action. It was the contention of the plaintiffs that defendant should not be permitted to plead that statute because determination of this case had been delayed at the defendant's request.

After careful consideration of the plaintiffs' objections, the court is constrained to sustain the defendant's motion and grant leave to file the supplemental answer. There was good cause for the delay in this case. A case had been decided by a Circuit Court of Appeals and a petition

to the Supreme Court for a writ of certiorari had been filed. Walling v. Great Lakes Dredge & Dock Co., 7 Cir., 149 F.2d 9, Id., 326 U.S. 760, 66 S.Ct. 140, 90 L.Ed. 457. It was agreed that the determination of that case would affect this case and final hearing of this case was therefore postponed until that case was disposed of. There being a justifiable excuse for the delay, it would seem wrong to penalize the defendant for it. Furthermore it is doubtful whether this court would have any right to deny the defendant the benefit of a statute passed for the very purpose of affecting such controversies as the one involved in this action. The New Rules moreover are very liberal as to amended or supplemental pleadings.

It was agreed by counsel at the time of the presentation of the cause that if the supplemental answer were filed, the court should proceed to determine the other issues.

In view of the decision by the Circuit Court of Appeals referred to above (Walling, Administrator, v. Great Lakes Dredge & Dock Co., 7 Cir., 149 F.2d 9), this court holds that the plaintiffs in this case were not seamen and were therefore within the purview of the Fair Labor Standards Act, Title 29 U.S.C.A. § 213. It seemed to be conceded by counsel on both sides that the decision in that case would have a controlling effect or very great influence in this case.

Coming now to a consideration of the second question presented, the court holds that the plaintiffs are not entitled to liquidated damages under Section 16(b) of the Act covering the period beginning April 1, 1945, and ending September 2, 1945. During that period the parties were negotiating for a contract, and when a contract was agreed upon it was made retroactive and payments were made in accordance with the contract for the period in question. This court can find no reason in law or equity for the imposition of liquidated damages for that period. To impose further payment on the defendant would be contrary to the intention of the parties and to established principles of law, Title 29 U.S.C.A. § 260.

As to the third question presented the court holds that the crediting of double-time payments against the time and one-half payments required by Section 7(a) of the Fair Labor Standards Act does affect compliance with that section. It seems to the court that Executive Order No. 9240, 40 U.S.C.A. § 326 note, was a declaration of policy and a directive to government agents but is not a binding provision of law for determination of this cause. (Interpretative Bulletin No. 4, issued by the Administrator of the Fair Labor Standards Act, as revised in November, 1940).

(A question was raised as to the Statute of Limitations applicable in this case. It has been decided by this court that the two-year statute of Ohio applies. Gen.Code Ohio, § 11225; Dolor J. Remley v. Triangle Publications, Inc., D.C. 1946, 69 F.Supp. 808.)