### TAYLOR v. CRAIN et al.
### No. 181.

United States District Court  
W. D. Pennsylvania.  
June 6, 1951.

Motion to Vacate or Amend Order Denied  
July 14, 1951.

Hymen Schlesinger, of Pittsburgh, Pa., for libellant.

H. A. Robinson (Dickie, Robinson & McCamey), of Pittsburgh, Pa., for respondents.

BURNS, District Judge.

The instant libel, which asserts that libellant suffered personal injuries in the employ of respondents on a steamer owned or operated by respondents, was filed more than five years after the alleged injury occurred. Respondents have moved to dismiss the libel on the ground of laches.

This motion to dismiss is equivalent to a peremptory exception. The delay of libellant in seeking relief through the courts creates a presumption of preju-

dice to respondent. Kane v. U.S.S.R., 3 Cir., 1951, 189 F.2d 303. Although the motion of respondent was filed more than eight months ago, libellant has failed to plead or offer to prove facts negativing laches or tolling the statute. See Redman v. United States, 2 Cir., 1949, 176 F.2d 713, 715. The libel contains only the bare statement that the captain of the vessel informed libellant "that if no claim were filed, the respondents would see that libellant received steady employment but that if claim were filed, libellant would be through working on the rivers and that they, the respondents, would prevent libellant from obtaining employment with other firms operating vessels on the rivers." There is no averment that respondents failed to meet their alleged commitment to "see that libellant received steady employment", or that libellant acted in timely fashion following any such failure. Moreover, I have grave doubts whether a promise to find employment for libellant and a warning against filing suit would be legally sufficient either to excuse laches or to toll the running of a statute of limitations. In any event, I believe libellant has slept on any rights he may have had for an unconscionable period of time, and that the prolonged failure of libellant to meet the challenge posed by the motion warrants dismissal of the libel.