### TAYLOR v. CRAIN et al.
#### No. 10576.

United States Court of Appeals
Third Circuit.

Argued Feb. 4, 1952.

Decided March 10, 1952.

164

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Hamilton A. Robinson, Pittsburgh, Pa., for appellees.

Before GOODRICH and HASTIE, Circuit Judges, and MODARELLI, District Judge.

GOODRICH, Circuit Judge.

This case involves the application of the doctrine of laches in an admiralty suit. The libellant says that he was injured in an accident on the ship where he was employed on May 20, 1945. He did not file his libel until August 15, 1950. The suit was predicated upon negligence under the Jones Act and in admiralty for alleged unseaworthiness. The Jones Act case is now out of the litigation for the limitation period there is fixed by statute.[1] But the right to sue following the expiration of the state law statutory limitation period, in this case two years,[2] depends upon whether laches on the libellant's part has barred the prosecution of the claim.

This court dealt with the question of laches in an admiralty case in Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292. We held there, in effect,

---

1. The Jones Act contains no express statute of limitations but the phrase, " * * * and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *." 46 U.S.C.A. § 688 incorporates the three year limitation period on suits under the Federal Employers Liability Act, 45 U.S.C.A. § 56. See Pope v. McCrady Rodgers Co., 3 Cir., 1947, 164 F.2d 591.

2. The analogous Pennsylvania statute limiting actions for personal injuries to two years is Act of June 24, 1895, P.L. 236, § 2, 12 Purdon's Pa.Stats.Anno. § 34.

that if the libellant sues following the expiration of the statutory period, he must give an excuse for the delay and the burden is on him to allege and prove it.[3]

The libellant in this case has evidently drawn his libel with this requirement in mind. He says that he did not file his suit earlier because the captain of the vessel upon which he was injured, acting on behalf of the respondent, told him that if he did not file a claim he would have steady employment. On the other hand, if he did file a claim, he says he was told that he would be through working on the rivers, that the respondent would prevent him from obtaining employment with other firms operating vessels thereon.

The District Court dismissed the libel without a hearing. 98 F.Supp. 149. This we believe to have been incorrect.

■ Since the dismissal was without hearing and we have only the libellant's statement, we assume its truth for the purpose of this appeal. The facts alleged by libellant constitute, if proved, an adequate excuse for delay in bringing his action. This is not based upon the fact of a contract between respondent and libellant for the latter's continuous employment. Perhaps the promise for employment would itself be enough to excuse delay, although the Ninth Circuit has thought differently.[4] But when that promise is coupled with a threat, not only to discharge the man from his present employment, but so to black list him that he cannot obtain employment elsewhere, an excuse for delay is clearly alleged. Libellant was a watchman and member of the crew of the vessel. The combined promise and threat made to him was made by his captain. The relation between captain of the ship and the lower rank of employees is clearly such as to give force to the words alleged to have been used here.

■ The respondent says that libellant is inconsistent in his excuse because in the same paragraph of his pleadings in which he sets out the threat and the promise he says that his injuries have become progressively worse so that he cannot now follow his employment. Contrary to respondent's objection, we think libellant's explanation is perfectly logical. He says, in effect, he did not sue earlier because of the combined threat and promise which had been made to him. But now, since he can no longer work, it makes no difference to him whether he is offered employment or black listed.

All this adds up to a valid excuse for delay if the facts can be proved. The libellant is entitled to an opportunity to prove what he alleges in his excuse for delay.

■■ Libellant offered to amend his libel to allege that no prejudice resulted against respondent from the delay. The district judge felt this necessary in view of our statement in the Kane case that "Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the respondent from such delay." [189 F.2d 305.] The amendment should be allowed as it was in Redman v. United States, 2 Cir., 1949, 176 F.2d 713; Hughes v. Roosevelt, 2 Cir., 1939, 107 F.2d 901 and The Sydfold, 2 Cir., 1936, 86 F.2d 611.

■ But it should be remembered that a decision on the issue of laches should be based on an appraisal and a balance of all the equities in the case. See United States v. Alex Dussel Iron Works, 5 Cir., 1929, 31 F.2d 535, 536. If it appears after hearing that the delay was caused by the respondent's intimidation of libellant it should not be allowed to complain that it was prejudiced.

The judgment of the District Court will be reversed and the case remanded for further proceedings consistent with this opinion.

3. The Supreme Court's latest word on the point is that the local statute of limitations is not to be mechanically applied. *Gardner v. Panama R. Co.,* 1951, 342 U.S. 29, 72 S.Ct. 12.

4. See *Delpy v. Crowley Launch & Tugboat Co.,* 9 Cir., 1938, 99 F.2d 36. But note that in this case the court laid stress upon the fact that the libellant, a master, was a man of intelligence, skill and a mature sense of responsibility.