## Gieder, etc., et. al. v.
## Philadelphia Transportation Company

136

*Daniel & Temin* and *B. N. Richter*, for plaintiffs.

*S. Regen Ginsburg*, for defendant.

SLOANE, J., March 24, 1954.—This involves the statute of limitations in an action of tort for negligence:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; . . .": Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34.[1]

Plaintiff, a minor, was injured seriously by contact with defendant's trolley car. She sustained a compound fracture of the skull; she was in coma and is partially paralyzed, affected in walk and speech; she had injuries to her eyes and has developed convulsions with probable epilepsy. (I assume the averments in the compaint and reply to be fact, as I should at this stage).

September 16, 1950, is the date of the occurrence; suit was started May 4, 1953, two years and about seven months later.

Defendant filed an answer (admitting ownership and agency), raising, in new matter, the one present problem in the case:

---

[1] One of plaintiffs' contentions is that the statute of limitations should not bind minors, but Von Colln v. Pennsylvania Railroad Company, 367 Pa. 232 holds squarely that the statute is applicable to minors.

"Plaintiffs' cause of action for personal inuries accrued on September 16, 1950, which is more than two years prior to the institution of this action, and is thereby barred by the provisions of the pertinent statute of limitations" (Act of June 24, 1895, P. L. 236, supra).

Plaintiffs replied to the new matter, and said this: Defendant's adjuster came to plaintiffs about a week after the occurrence "and thereafter from time to time until about July 9, 1952" telling Mr. Gieder, father plaintiff, that he was authorized to act for defendant, that defendant "would pay for everything", requesting a signed authorization to see the hospital records and bills to know what plaintiffs should receive. When inquiry was made at various times as to the effect of delay in bringing suit for the injured minor, the adjuster "represented to said plaintiff George Gieder that since the claim grew out of injuries to a minor, the ordinary statute of limitations did not apply to such claim and that said plaintiff should postpone taking any legal action as defendant intended to settle the claims growing out of said accident", and that considering the serious injuries the case should not be settled nor a lawyer consulted "until the full effect of the injuries to the minor plaintiff were determined."

Defendant, by motion, asks judgment on the pleadings.[2]

Were I to yield to the immediate current of my thought I would grant the motion for judgment. The statute of limitations prescribes a two-year limitation "from the time when the injury was done and not

[2] By moving for judgment on the pleadings (under Pa. R. C. P. 1034), defendant apparently considers they have been closed; if it wished to save the right to deny the facts averred in plaintiffs' reply by a counterreply, it would have filed a preliminary objection raising the same legal issue, under Pa. R. C. P. 1017(*b*)(4).

afterwards"; more than two years have gone by; let the statute attach its own literal finality to this cause of action and be done with it. But this easy and speedy lip-homage to the statute is only the surge of a thought; it is not a substitute for the search of a meaning and is not a full consideration and the right fulfillment of pertinent law.

Much is told of the basic purpose of a limitation statute in history and dialectic[3] (see thorough discussion in "Developments—Statutes of Limitations", 63 Harvard Law Review 1177-1270, passim). It is said to concern the remedy; it "generally bars only the remedy of direct action for affirmative relief" (63 Harvard Law Review, supra, at p. 1186) ; the statute of limitations does not do away with the right. See Chase Securities Corp. v. Donaldson, 325 U. S. 304, 313; Echon v. Pennsylvania Railroad Company, 365 Pa. 529, 532-33.

"The general principle is that statutes of limitations relating to personal actions merely bar the remedy and do not discharge the right": Priester v. Milleman, 161 Pa. Superior Ct. 507, 510. That the statute of limitations goes to the remedy and not to the right is also shown by the fact that it must be pleaded: Thomas v. McLean, 365 Pa. 526, 527, footnote 1; Echon v. Pennsylvania Railroad Company, 365 Pa. 529, 533.

Again, in instances, the statute is considered an invalidation of the very right by destruction of the liability.

"It is settled by the decisions of this court that the lapse of time not only barred the remedy but also destroyed the liability of defendant to plaintiff . . . On the expiration of the two-year period, it was as if

[3] "Statutes of Limitation always have vexed the philosophical mind for it is difficult to fit them into a completely logical and symmetrical system of law": Chase Securities Corp. v. Donaldson, et al. Executors, 325 U. S. 304, 313.

liability had never existed": William Dazer & Company, Inc. v. Gulf Ship Island Railroad Company, 268 U. S. 633, 636; see also Osbourne v. United States, et al. 164 F. 2d 767, 768 (C. A.2).

So that in turn a statute of limitation is denominated substantive or procedural, but I should like to take the care not to confuse a label with a concept. See Scarborough v. Atlantic Coast Line R. Co., 178 F. 2d 253 (C. A.4). The concept springs from a compelling concession to the dominating intrusions of time and the need in sequel to place repose upon inertia. Remembrance by the witness becomes the more imperfect with the slipping of days, a witness may move or die, the pertinent paper may be lost, destroyed, or mislaid—these may be the jumble of the sheer circumstance of lapse of time, and the matter dims and futility enters.[4] The result is a hazard and of prejudice to an innocent defendant.

But where a defendant is not innocent and acts so that a plaintiff does not act, he may be required to accept the hazard he fashioned for himself. Where, for example, he commits fraud or concealment, the shield of the limitation is removed, at least until plaintiff knows the truth, or reasonably ought to know it: Plazak v. Allegheny Steel Company, 324 Pa. 422, 431; Schwab v. Cornell, 306 Pa. 536; see Lewey v. Fricke Coke Co. 166 Pa. 536; cf. Bernath v. Le Fever, 325 Pa. 43.

Here, because of defendant's conduct through its adjuster, plaintiffs did not know there was a two-year limitation upon bringing the action. It is the fact that the adjuster's last visit to plaintiffs was in July

---

[4] "They [statutes of limitation] are practical devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost": Chase Securities Corp. v. Donaldson, et al., Executors 325 U. S. 304, 314.

1952, a few months short of the two-year period and it could be said plaintiffs still had time to start suit. But that connotes an immediate end to the impression and effect of the adjuster's statements with his last visit, which expects too much of those remote from a required knowledge of the applicable law.

And recurring to essentials, it is to be remembered that no harm has come to defendant by the delay. There is no averment that prejudice has accrued by death or disappearance of witnesses or by the loss or disappearance of pertinent testimony. .

In Hayes v. Gessner, 315 Mass. 366, where the representative of defendant's insurance carrier induced plaintiff to refrain from necessary action by representing to him that it would be unwise to consult a lawyer and that "you can always have $1,500 . . . at any time", it was held that an estoppel to plead the statute could be found. See Bergeron v. Mansour, 152 F. 2d 27 (C. A.1), a personal injury action, where it was held that an authorized adjuster's holding out the idea and hope of settlement of plaintiff's claim to her, and informing her that she needed no lawyer, created an estoppel barring the interposition of the one-year statute of limitations as a defense. See also Taylor v. Crain, et al. 195 F. 2d 163 (C. A.3).

Equity calls on law for help to determine laches (Ebbert v. Plymouth Oil Co., 348 Pa. 129, 134) ; law should call on equity where a statute of limitations works inequity. And I refuse to be told that lifting the bar of the statute of limitations opens the door easily to fraud. Judges should be sturdy and alert enough to recognize and halt fraud as it attempts to pass the door.

The words "and not afterwards" in the statute do not impress me any more than the similar words, "and not thereafter" in the Wrongful Death Act of April 26, 1855, P. L. 309, sec. 2, 12 PS §1603, impressed the

Supreme Court in Rosenzweig, Admx., v. Heller, 302 Pa. 279, 283. See also Prettyman v. Irwin, 273 Pa. 523, 525; Echon, Admx., v. Pennsylvania Railroad Company, 365 Pa. 529.

I conclude that defendant's conduct, through its adjuster, in the circumstances of this case (accepting plaintiffs' averments of that conduct), estops defendant from raising the statute of limitations.

Defendant's motion for judgment on the pleadings is denied.