Clarence B. WHITE, Plaintiff,

v.

AMERICAN BARGE LINES, a Corporation, Defendant.

Civ. A. No. 12547.

United States District Court,
W. D. Pennsylvania.

Jan. 28, 1955.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Clyde A. Armstrong, J. Roland Johnston, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

MILLER, District Judge.

The following facts appear from the complaint, which was filed July 19, 1954. Plaintiff is a citizen of Pennsylvania; defendant is a citizen of Delaware. Plaintiff seeks damages in the sum of $85,000. The action arises out of injuries sustained by plaintiff in Pennsylvania on or about August 3, 1951, in falling through an open hatchway of defendant's barge. Plaintiff, a bargeman or longshoreman employed by Jones & Laughlin Steel Company, had gone upon defendant's barge with the consent and knowledge and at the direction of the defendant, in order to secure the barge to Jones & Laughlin's dock. Plaintiff's injuries were caused by defendant's negligence and/or by the unseaworthiness of defendant's barge.

Plaintiff asserts that this Court's jurisdiction vests under the provisions of the Jones Act, Act of June 5, 1920, c. 250, § 33, 41 Stat. 1007, 46 U.S.C. § 688, and also because plaintiff alleges a claim based upon a federal maritime tort and a claim for negligence under Pennsylvania law, diversity of citizenship and the requisite amount in controversy appearing from the allegations of the complaint.

Defendant has moved to dismiss the complaint upon the grounds that the Jones Act has no application to the facts alleged and that plaintiff's claim, to the extent that it is not founded upon the

**638**

Jones Act, is barred by limitations in that suit was instituted nearly three years after the date of plaintiff's injuries in Pennsylvania, as appears from the complaint.

■ 1) It appears from the complaint that an employer-employee relationship did not exist between the parties. Therefore, plaintiff's assertion of jurisdiction based upon a claim under the Jones Act must fail. See Armit v. Loveland, 3 Cir., 1940, 115 F.2d 308, 313.

■ 2) The date and place of injury having been averred in the complaint, it appears that plaintiff's action for negligence under Pennsylvania law is barred by the two-year Pennsylvania statute of limitations applicable to personal injury claims. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34. Plaintiff does not suggest that the statute of limitations is inapplicable or that it has been tolled; he merely contends that the affirmative defense of limitations may not be raised by and considered upon a motion to dismiss. This contention must be rejected as it has been rejected repeatedly and consistently by this Court. Hartford-Empire Glass Co. v. Glenshaw Glass Co., D.C.W.D.Pa.1942, 47 F.Supp. 711; Statler v. Babcock, D.C.W.D.Pa.1946, 7 F.R.D. 57; Berry v. Franklin Plate Glass Corp., D.C.W.D. Pa.1946, 66 F.Supp. 863, affirmed per curiam, 3 Cir., 161 F.2d 184, certiorari denied 332 U.S. 767, 68 S.Ct. 76, 92 L.Ed. 352; Cummings v. Hubbell, D.C. W.D.Pa.1947, 7 F.R.D. 360; Sontcvh v. Sharon Steel Corp., D.C.W.D.Pa.1947, 73 F.Supp. 825; Sauters v. Young, D.C. W.D.Pa.1954, 118 F.Supp. 361.

■ 3) Plaintiff's allegations also support a federal maritime claim which is not based upon the Jones Act and is not dependent upon the existence of an employer-employee relationship between the parties. See Seas Shipping Co., Inc., v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Pope & Talbot, Inc.,

v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143. The defense to the federal maritime tort alleged should properly be denominated as one of laches, rather than limitations. While it is true that the courts commonly follow the analogy of the appropriate state statute of limitations, which in the instant case would be the two-year statute of limitations cited above, a mechanical application of the statute of limitations is not conclusive in determining the question of laches. Gardner v. Panama Railroad Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Taylor v. Crain, 3 Cir., 1952, 195 F.2d 163.

■ Nevertheless, plaintiff, having sued after the expiration of the statutory period, must give justification for the delay and negate the presumption of prejudice arising out of the delay, and the burden is on him to allege and prove the facts negativing laches. Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; see also Taylor v. Crain, supra, 195 F.2d 164, 165.

■ In reliance, perhaps, upon his contention that the question of the timeliness of the institution of the instant action could not be raised upon a motion to dismiss, plaintiff has alleged no facts which would tend to establish an excuse for the delay, to negative prejudice from the delay, or to toll the statute of limitations. Accordingly, defendant's motion to dismiss will be granted unless plaintiff files an amended complaint pleading facts negativing laches within twenty days. See Kane v. Union of Soviet Socialist Republics, supra, D.C.E.D.Pa. 1950, 89 F.Supp. 435, 437; Taylor v. Crain, supra, 195 F.2d 165. Cf. Slepski v. Dravo Corp., D.C.W.D.Pa.1951, 104 F.Supp. 89; Crumrine v. Jones & Laughlin Steel Corp., D.C.W.D.Pa.1951, 104 F.Supp. 92.

An appropriate order is entered.