William H. Pope v. Commissioner.
William H. Pope v. Commissioner
Docket No. 33857.
United States Tax Court
1953 Tax Ct. Memo LEXIS 221; 12 T.C.M. (CCH) 646; T.C.M. (RIA) 53199; June 8, 1953
*221 Richard V. Zug, Esq., for the petitioner. Edward Pesin, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: Respondent determined a deficiency of $465 in gift tax for 1947. The sole issue is whether gifts made by petitioner in trust for the benefit of his two minor children were gifts of present interests so as to entitle petitioner to the statutory exclusions provided in section 1003 (b) (3) of the Internal Revenue Code. [1]
All of the facts have been stipulated and are adopted as our findings of fact. Petitioner filed a gift tax return for 1947 with the collector of internal revenue for the first district of Pennsylvania. Petitioner and his wife, Alice J. Pope, are residents of Blue Bell, Montgomery *222 County, Pennsylvania. They have two sons, William H., Jr., and Robert J., born August 6, 1937, and June 30, 1941, respectively. On December 7, 1947, petitioner transferred in trust and without consideration 180 shares of the capital stock of W. S. Pope & Sons, then owned by petitioner and having a total value of $45,000, to Alice J. Pope, his wife, as representative trustee for their minor sons aged ten and six years, respectively. Certificates for these respective shares were transferred on the books of W. S. Pope & Sons and issued in the name of Alice J. Pope, as trustee for each son. On June 1, 1949, an irrevocable instrument of trust was executed by petitioner, as settlor, and Alice J. Pope, as trustee, setting forth the terms and conditions respecting all property then being held in trust for William H. Pope, Jr., and Robert J. Pope, including the 180 shares transferred on December 7, 1947. The instrument provides in pertinent part as follows: "FIRST: To pay over or apply the net income received from the principal held for WILLIAM H. POPE, Jr. for the benefit of the said WILLIAM H. POPE, Jr. during his minority in such manner as the Trustee, in her discretion, believes will *223 benefit Settlor's said son, and upon said son's arrival at the age of twenty-one years, to pay directly to him the net income from said principal until he shall have arrived at the age of twenty-five years, at which time the Trust for said son shall terminate, and the balance of principal, if any, shall be paid to him absolutely. The Trustee shall pay over or apply the net income received from the principal held for ROBERT POPE for the benefit of said ROBERT POPE during his minority in such manner as the Trustee, in her discretion, believes will benefit the said ROBERT POPE, and upon the said ROBERT POPE arriving at the age of twenty-one years, the Trustee shall pay directly to him the net income from the Trust for him until he shall have arrived at the age of twenty-five years, whereupon the Trust for him shall terminate, and the balance of the principal, if any, shall be paid to him absolutely. Should either of the said beneficiaries die before receiving the full principal and income of the Trust set up for him hereunder, then such principal and income shall be continued in trust for any issue of such deceased beneficiary, and the income therefrom shall be paid to such issue, or *224 used by Trustee for support, maintenance and education of such issue, share and share alike, until such issue respectively shall have arrived at the age of twenty-one years, at which time the Trust shall cease as to such child, and he or she shall then receive the same proportionate share of the principal as he or she shall have been entitled to in respect to income. Should either of said sons of Settlor die before receiving the full principal and income of the Trust set up for him hereunder, and should he not leave issue surviving, then the share of such deceased son shall be held in trust for the surviving son, or his issue, upon the same terms and conditions and subject to termination and distribution of principal as applicable hereunder to the original Trust held for such son or his issue. Should both of said sons of Settlor die without leaving issue surviving before receiving the full principal of the Trust for each respectively, then upon the death of the last surviving son, the Trust for him shall terminate, and one-half of the principal thereof shall be distributed to Settlor's heirs-at-law and next of kin, and the other one-half shall be distributed to the heirs-at-law and *225 next of kin of the wife of Settlor, ALICE J. POPE, excluding therefrom, however, Settlor, and subject, however, to the right or option of the brother of Settlor, GEORGE POPE, or his sons, to purchase all of the holdings of capital stock in W. S. POPE and SONS, as hereinafter set forth. "SECOND: Settlor expressly gives to each of his said sons, WILLIAM H. POPE, Jr., and ROBERT POPE, and to the guardian of the estate of said sons respectively, when legally appointed during their minority, the right at any time during the continuance thereof to withdraw the principal of the Trust, or any part thereof held for each son respectively, including any and all stock of W. S. POPE and SONS held in the Trust for such son, upon written request, and such principal so withdrawn shall be free and clear of the Trust, and the receipt of such son, or the duly appointed guardian of his estate, shall be a sufficient acquittance to the Trustee. * * * "THIRD: Any and all payments of income and principal to any and all legatees, beneficiaries and devisees hereunder shall be free and clear of his, her or their debts, contracts, engagements, alienations and anticipations, so that same shall not be liable *226 to any levy, attachment, execution or sequestration, nor shall any beneficiary assign his or her interest herein. * * *
"SIXTH: Powers of Trustee * * * "(f) To pay over or apply the income from either of said Trusts for the benefit of the beneficiary thereof during his minority in such manner as the Trustee in her or its discretion believes to be to the interest of the beneficiary thereof." To date no guardian has been appointed for either William H. Pope, Jr., or Robert J. Pope. Since December 7, 1947, the shares of stock have been held by the trustee, who received the dividends distributed thereon. The only income expended by the trustee on behalf of the beneficiaries was for the payment of federal income taxes and for premiums of policies insuring the lives of each beneficiary. As the parents have been financially able to provide in full for the support and maintenance of their sons, the wife, as trustee, has made no other expenditures or distribution of income but has invested a part thereof and retained the balance in bank accounts in her name as trustee for each beneficiary. Respondent determined that the minor beneficiaries themselves had no legal right *227 to withdraw principal or receive income during their minority, and that, since no guardian was ever appointed for them, they had no right presently to use, possess, or enjoy the property, and thus the gifts were of future interests against which no exclusions are allowable. With respect to the gifts of income, it is clear from the language of the trust instrument that the right of each beneficiary during his minority to the present enjoyment or use of such income is wholly dependent upon an exercise of the trustee's absolute discretion. The gifts of income are clearly transfers of future interests. Commissioner v. Disston, 325 U.S. 442Paine, 130 Fed. (2d) 990, Commissioner v. Brandegee, 123 Fed. (2d) 58. Petitioner contends, however, that the instant proceeding is distinguishable because of the absence here of express language directing the accumulation of income not distributed. From this, petitioner argues that the trustee's discretion existed only as to the manner in which the income was to be applied. We do not agree. It is not essential that directions to accumulate be expressed; they may be implied from the language used. Eberley's Appeal, 110 Pa. 95, 1 Atl. 330; *228 Commissioner v. Newbold's Estate, 158 Fed. (2d) 694. Moreover, even if the income withheld by the trustee in the instant proceeding does not become principal by accumulation, but remains income, we hold that it is income belonging to the trust and not to either beneficiary to whom the gifts are provisionally made. In the event of either beneficiary's death during minority or adulthood, prior to "receiving the full principal and income of the Trust," the trust instrument provides for the disposition to substitute beneficiaries under various contingent provisions. It seems clear, therefore, that the settlor did not intend the gifts to belong absolutely to the primary minor beneficiaries, subject only to delayed possession. Paragraph THIRD, containing a spendthrift clause limiting the beneficiaries' power of disposition, is additional support for this view. Petitioner contends that the gifts of principal were gifts of present interests because of the provision in paragraph SECOND entitling the beneficiaries, or their legally appointed guardians, to withdraw principal upon written request at any time. We believe that this view ignores the reality of the surrounding circumstances. *229 See Fondren v. Commissioner and Commissioner v. Disston, supra. On December 7, 1947, William H. Pope, Jr., was ten years old and Robert J. Pope was six years old. Because of the favorable financial condition of their parents the children were in no need of funds. Their parents were well able to provide for their support and maintenance. There was small likelihood, therefore, of their presently needing any of the income or corpus of the trust. In Pennsylvania, a beneficiary of a trust who is a minor may not make a legally effective request for payment of either income or principal from its trustee, nor give a receipt which can serve as a legally sufficient acquittance of the trustee. Haines v. Fitzgerald, 108 Pa. Super. 290, 165 Atl. 52; Hollinger v. York Rys. Co., 225 Pa. 419, 74 Atl. 344. A legally appointed guardian is the only person who can effectively bind the minor in such acts. In the instant case no guardian was ever appointed for the children. In Stifel v. Commissioner, 197 Fed. (2d) 107, affirming 17 T.C. 647, and in John W. Kieckhefer, 15 T.C. 111, the fact that no guardian had been appointed was held *230 to be a controlling factor. The petitioner relies on Kieckhefer v. Commissioner, 189 Fed. (2d) 118, reversing 15 T.C. 111, supra, where the Court of Appeals for the Seventh Circuit held that the fact that the beneficiary was incapable of acting on his own because of a restriction imposed by law did not transform what would otherwise be a gift of present interest to one of future interest. With due deference to the view expressed by the Seventh Circuit, we prefer to adhere to our opinions in the Stifel and Kieckhefer cases, supra, holding that the nonexistence of a legal guardian is of controlling importance. Decision will be entered for the respondent. Footnotes
1. SEC. 1003. NET GIFTS. * *
(b) Exclusions from Gifts. - * * * (3) Gifts after 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩